United States District Court
Southern District of Texas
**ENTERED**
February 20, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAMON EARL LEWIS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-223 |
| | § | |
| UTMB MEDICAL STAFF, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION AND DENYING MOTION FOR INJUNCTIVE RELIEF

Before the Court is Magistrate Judge Jason B. Libby's Memorandum and Recommendation (M&R), entered on December 13, 2019. (D.E. 28). The M&R recommends that Plaintiff's complaint be dismissed with prejudice for failure to state a claim and/or as frivolous. The M&R further recommends that the dismissal of this case count as a "strike" for purposes of 28 U.S.C. § 1915(g). In response to the M&R, Plaintiff filed a notice, (D.E. 30), which the Court construes both as an objection and as a motion for injunctive relief.

Plaintiff's objection asks that the M&R be withdrawn because his September 13, 2019, surgery was ultimately unsuccessful. Although he reported to the court that his jaw was fine in November 7, 2019, Plaintiff states that he is now again in extreme pain. (D.E. 30). After careful review, the Court finds, even taken as true that the surgery was ultimately unsuccessful, this fact does not affect the outcome of any part of the M&R. As such, the Court **OVERRULES** any corresponding objection to the M&R. For the same reasons, to the extent that Plaintiff requests leave to amend his pleadings, the Court **DENIES** the

request as futile. *See In re Southmark Corp.*, 88 F.3d 311, 314–15 (5th Cir. 1996) (holding a court, when determining whether to grant leave to amend, may consider the failure to cure deficiencies by amendments previously allowed and futility of the proposed amendment); *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (using the same standard of legal sufficiency to determine "futility" as applies under Federal Rule of Civil Procedure 12(b)(6)).

To the extent that Plaintiff's notice requests injunctive relief to be properly diagnosed and treated, the Court construes this as a new request—separate from the relief Plaintiff previously sought for access to his prescription medications. Analyzing the new request under the same legal standard as the M&R (D.E. 28, p. 20), the Court looks to whether Plaintiff has demonstrated: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) the injunction will not disserve the public interest. *Texans for Free Enter. v. Tex. Ethics Comm'n*, 732 F.3d 535, 536–37 (5th Cir. 2013). The Court finds that Plaintiff has not met the first element; that is—he has not shown a substantial likelihood of success on the merits on his underlying claims. This is true for the same reasons set out in the M&R. Additionally, there are no allegations that follow-up care is not being provided. Rather Plaintiff seems to now dispute the initial decision to perform the surgery. That initial decision is covered under the same analysis in the deliberate indifference portion of the M&R regarding negligence and medical malpractice. Because the Court herein adopts the findings and conclusions of the M&R, and based on Plaintiff's pleadings and the applicable

law, the Court **DENIES** Plaintiff's motion seeking preliminary injunctive relief. (D.E. 30).

Thus, after reviewing the facts, conclusions of law, and recommendation set forth in the M&R, as well as Plaintiffs objections and all other relevant documents in the record, and having made a de novo disposition of the portions of the M&R to which the objections were directed, the Court **OVERRULES** Plaintiff's objections. The Court **ADOPTS** the findings and conclusions of the Magistrate Judge. Accordingly, this action is **DISMISSED with prejudice**. Plaintiff's requests for preliminary injunctive relief are **DENIED**. Further, this dismissal counts as a "strike" for purposes of 29 U.S.C. § 1915(g). The Clerk of Court is **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

SIGNED and ORDERED this 20th day of February, 2020.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE